IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA KNIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1431-G-BN |
| | § | |
| JAMES LEWIS SNOW, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joshua Knight, a Texas resident, filed a *pro se* complaint against three defendants – two individuals alleged to reside in Texas and a "now defunct" Texas company – through which Knight asserts causes of action under the Fair Labor Standards Act, 42 U.S.C. § 1985, and 18 U.S.C. §§ 941 and 942. Dkt. No. 3. Senior United States District Judge A. Joe Fish referred Knight's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Knight's motion for leave to proceed *in forma pauperis* (IFP) [Dkt. No. 4] through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e)(2). And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it

fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). The pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), therefore apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Before addressing the plausibility of Knight's claims, the undersigned pauses to consider the Court's jurisdiction, its "power to say what the law is." *United States v. Willis*, ___ F.4th ____, No. 22-10384, 2023 WL 5013686, at *10 (5th Cir. Aug. 7, 2023). "The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute. Congress has granted those courts jurisdiction over two main kinds of cases. District courts have power to decide

diversity cases – suits between citizens of different States as to any matter valued at more than $75,000. *See* 28 U.S.C. § 1332(a). And they have power to decide federal-question cases – suits 'arising under' federal law. [28 U.S.C.] § 1331. Typically, an action arises under federal law if that law 'creates the cause of action asserted.' So when federal law authorizes the action, the party bringing it – once again, typically – gets to go to federal court." *Badgerow v. Walters*, 142 S. Ct. 1310, 1315-16 (2022) (cleaned up).

Because Knight represents that all parties in this case reside in Texas, *see* Dkt. No. 3 at 1, he has not shown that each plaintiff's citizenship is diverse from each defendant's citizenship, required to allege jurisdiction under Section 1332. And he affirmatively cites federal law on the second page of the complaint as the basis for jurisdiction. *See* Dkt. No. 3 at 2. So the undersigned begins the analysis by considering whether the facts alleged show that a defendant acted in violation of a federal law that Knight cites.

Knight first invokes the Fair Labor Standards Act. He alleges, for example, that he was "hired as a contractor but forced to work as an employee from Jan 2022 to about April 2022" and "was shorted about 25 hours a week for a total of $6,000," so he seeks "$12,000 under the FLSA." Dkt. No. 3 at 5; *see also id.* ("Plaintiff is entitled to relief for sexual harassment under the FLSA for $1,000,000."). But neither these allegations nor the remainder of those in the complaint support a plausible clam under the FLSA. *See, e.g., White v. U.S. Corrs., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021) ("To state a prima facie overtime-pay claim under 29 U.S.C. § 207(a)(1), a

plaintiff must plausibly allege: (1) that an employer-employee relationship existed during the time that she worked in excess of forty hours per week; (2) that she engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due." (citation omitted)); *see also Starnes v. Wallace*, 849 F.3d 627, 631-32 (5th Cir. 2017) (discussing the required elements of a retaliation claim under the FLSA).

Knight next cites 42 U.S.C. § 1985. But to allege a plausible claim under Section 1985 requires allegations of state action. *See Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 62 (5th Cir. 1963) ("A third fatal weakness in the plaintiffs' case is that the defendants are private persons. It is still the law that the Fourteenth Amendment and the statutes enacted pursuant to it, including 42 U.S.C.A. § 1985, apply only when there is state action."); *Lindsey v. City of Gulport, Miss.*, No. 1:08CV637 LG-RHW, 2010 WL 11530443, at *4 (S.D. Miss. June 18, 2010) ("The elements necessary to state a cause of action under" Section 1985 includes "action by the defendants under color of state law or authority." (citing *Carroll v. Andrews*, 438 F.2d 1221, 1222 (5th Cir. 1971))).

"The traditional definition of acting under color of state law requires that the defendant … have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))). But Knight fails to plead facts to show that any of the defendants acted

under color of state law. Consequently, he has not alleged a plausible claim under Section 1985.

Knight finally cites two federal criminal statutes: 18 U.S.C. §§ 941 and 942. *See* Dkt. No. 3 at 2. While neither provision appears in Title 18 of the United States Code, to the extent that Knight alleges that a defendant violated a federal criminal law, *see* Dkt. No. 3 at 2 ("James Snow breeched Federal Wiretapping and secure communications act."), "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, [so], as a private citizen, [Knight] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (In *Linda R.S.*, "the Court repeatedly emphasized 'the special status of criminal prosecutions in our system.' It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.… As a result, courts across the country have dutifully enforced this rule in case after case – refusing to hear claims challenging the decision not to investigate or prosecute another person." (cleaned up)).

Relatedly, criminal statutes usually will not create civil liability. *See, e.g.*, *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D.

Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)).

And, because the complaint does not allow the Court to infer that a criminal statute may provide for a private cause of action, all claims based on such statutes are not plausibly pled.

In sum, Knight has not plausibly alleged a claim arising under federal law.

Turning to any remaining claims in the complaint, while "*[p]ro se* complaints receive a 'liberal construction,'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)), such that Knight need not necessarily specify a legal theory for the claims he alleges, *see Johnson*, 574 U.S. at 12 ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief." (cleaned up)), "liberal construction does not require that the Court ... create causes of action where there are none," *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

Under this framework, the undersigned finds that Knight has not carried his

burden to frame a complaint with enough factual matter – accepted as true – to otherwise suggest an entitlement to relief under a legal theory not explicitly invoked. Knight's complaint should therefore be dismissed.

So, if there are remaining claims arising under state law, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also IntegraNet Physician Res., Inc. v. Texas Indep. Providers, L.L.C.*, 945 F.3d 232, 241-43 (5th Cir. 2019), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc).

As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted). Here, that balance favors relinquishing jurisdiction over any remaining state law claims to allow Knight to pursue those claims in a state forum if he so chooses.

**Leave to Amend**

The time to file objections to this recommendation (further explained below) allows Knight an opportunity to cure the deficiencies identified above (that is, to provide enough facts to plausibly allege a claim over which the Court has jurisdiction) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Knight leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Knight fails to show that leave to amend should be granted, the Court should dismiss all claims arising under federal law with prejudice and relinquish jurisdiction over any remaining state law claims.

**Recommendation**

Unless, within the time to file objections, Plaintiff Joshua Knight satisfactorily

shows a basis to amend the complaint to allege a plausible claim, the Court should dismiss all claims arising under federal law with prejudice and relinquish jurisdiction over any remaining state law claims, dismissing those claims without prejudice, to allow Knight to pursue those claims in a state forum if he so chooses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE